Fred J. Munder, J.
From the complaint this action appears to be an ordinary real property mortgage foreclosure for failure to pay monthly installment on the bond. The proof, however, discloses that the bond and mortgage were given to secure the performance of a so-called leasing agreement. Thus unless the defendant is indebted to the plaintiff under that agreement there is no debt on the bond.
The agreement provides for the rental by the plaintiff to the defendant, Anthony Ingegno, of a certain “ cabousel soft ice cream truck ” for a term of 33 months commencing on August 5,1962, and calls for the payment of “ daily and monthly installments ” according to an attached schedule. The agreement discloses that the truck is the subject of a prior conditional sales contract which had been assigned to a finance company. Nevertheless, in the agreement the plaintiff covenanted to “immediately execute and deliver to the lessee a good and sufficient *162 bill of sale ’ ’ of the truck when ‘ ‘ the payments made by the lessee to the lessor * * * as rent hereunder aggregate $8044.00 ”. The plaintiff further warranted that on such date it would have legal title to the truck.
The agreement provides that upon a failure to make any of the payments the entire unpaid portion of the lease payments, at the option of the plaintiff, shall become immediately due and payable, and that the plaintiff may also retake the property wherever located, hold and dispose of the same and collect expenses and any deficiency from the defendant. It is further provided that in the event of default the plaintiff is entitled to liquidated damages amounting to the unpaid portion of aggregate reserved rental.
What happended here was that the defendant, an ingenuous, naive young man hoping to set himself up in small business to support himself and his family, bought an ice-cream peddling truck on time, making a down payment of $500, and agreeing to make daily payments during the Summer season and lesser monthly payments in the Winter. He bound himself to buy the plaintiff’s products, which would appear to be its principal business, and also to leave the truck in the plaintiff’s control as to storage, repair and service.
He made the payments until the middle of September. It will be judicially noticed that this coincided with the opening of schools. Whatever the reason, he discontinued the business and made no further payments. The truck, stored at the plaintiff’s depot, remainded so stored. After the defendant made an effort to negotiate some modification of the contract terms the plaintiff, through its attorneys, on February 5, 1963 terminated the agreement and demanded the surrender of the keys and battery of the truck. This was promptly done by the defendant.
After the plaintiff repossesed the truck the plaintiff claims to have repaired and refurbished the truck at an expense to it of some $800. These charges the plaintiff makes against the defendant despite the fact that the truck was stored at plaintiff’s depot and had been serviced by the plaintiff.
In argument the plaintiff claims that its agreement with defendant was a lease and that it had no title to the truck and consequently could not sell it. Plaintiff glibly ignores its contract requirement to convey title to the defendant by a good and sufficient bill ¡of sale immediately on payment by the defendant of the aggregate rental. Removing all doubt, if there were any question about it, the plaintiff’s president testified on the trial that it was the intention of both the plaintiff and defendant *163 that on payment of the aggregate rental, whether according to the schedule or by prepayment, title to the truck was to pass to the defendant.
I find therefore that this so-called rental agreement was a conditional sales agreement. The plaintiff’s contention, despite its express warranty to have title on the day of full payment, that its agreement could not be a sales agreement because it had no legal title, is untenable. Here we do not have the original conditional vendor or owner seeking to assert its right to possession of the subject of the sale as was the case in Austin v. Dye (46 N. Y. 500). Even such an owner, in the light of the plaintiff’s copyrighted form of leasing agreement which evidences a regular business of reselling the subject chattel and the plaintiff’s express warranty that when the time for the transfer of title arrived it would have such title, must be presumed to have consented to such resale and thus be precluded from denying the seller’s authority to sell. (Personal Property Law, § 104; see, also, Zendman v. Harry Winston, Inc., 305 N. Y. 180 and Uniform Commercial Code, § 2-403, which is to become effective on Sept. 27,1964.)
Here we have the anomaly of the seller claiming it had no right to sell that which it had agreed to sell. Certainly as between the original parties to the contract such a denial cannot be countenanced. Whatever the language used to describe the agreement or the payments under it, as between them, it is a conditional sales contract within the definition of section 61 of the Personal Property Law.
In American Can Co. v. United States Canning Corp. (170 N. Y. S. 2d 727, revd. by Appellate Term 15 Misc 2d 549, affd. 9 A D 2d 746) the contract is distinguishable from ours. The signed contract there, although it provided that ‘ ‘ The lessee may purchase any items of equipment covered by this lease ’ ’, was silent as to the application of past rental payments toward the purchase price. In our case there is no question but that, when the so-called rental was fully paid, the title would pass.
The plaintiff, upon repossession thereof retained the truck as its own property. It did not exercise the option to resell the truck that it had under section 80-c of the Personal Property Law. As a result the defendant was discharged of any obligation to the plaintiff. The bond and mortgage, which had been given to secure the defendant’s obligations under the agreement, fell with it. Consequently the complaint must be dismissed.
Judgment is directed to be entered in favor of the defendants dismissing the complaint, with costs.