Memorandum. Judgment unanimously reversed, without costs, and complaint dismissed.
Defendants appeal from judgment in the amount of $2,168.12, with interest and costs from April 11, 1968, totaling $3,038.62. On February 1, 1968, defendants purchased a 1963 Buick for the cash selling price of $1,627.50. (This figure does not include the credit service charge as well as other charges). On the following day, the retail installment contract was assigned to *486 plaintiff. In April, 1968, the vehicle was repossessed by plaintiff after defendants made one payment of $62.64 and then defaulted. Subsequently, proper notice was sent to defendants and the car was sold at public auction to another car dealer for $300, leaving -the deficiency which is the basis of the judgment herein.
Subdivision (3) of section 9-504 of the Uniform Commercial Code states: 11 Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. ’ ’
In our opinion, the price for which the vehicle is sold after repossession is one of the ‘1 terms ’ ’ that must be considered in determining whether the sale or disposition was commercially reasonable.
In the case at bar, the vehicle, apparently in good condition, was resold three months later at less than one fifth of the price at which it was sold to defendants. There was no proof of value. Accordingly, we find that this in itself is sufficient to indicate that the sale was not “ commercially reasonable.”
We do not pass on the issue of whether the retail installment contract is unconscionable, as that term is defined in section 2-302 of the Uniform Commercial Code, because it contains a warranty disclaimer clause.
Concur — Groat, P. J., Schwartzwald and Margett, JJ.