Memorandum. In our opinion, the "lease agreement” is, in fact, a secured transaction within the meaning of article 9 of the Uniform Commercial Code. Unlike a mere lease, the agreement in question is of an indefinite duration and, at its inception, passes all the risks and indicia of ownership of the vehicle to the defendant. Defendant not only insures against any loss to the plaintiff of its capitalized cost, but after 26 months, is entitled to any surplus funds if and when the car is sold. At the end of 56 months, the car would, at the option of the defendant, pass to her at no cost, since the monthly installment payments would have equalled the capitalized cost of the vehicle (see Uniform Commercial Code, § 9-102; § 1-201, subd [37]).
Inasmuch as the plaintiff failed to comply with the notice provision of subdivision (3) of section 9-504 of the Uniform Commercial Code section before selling the repossessed vehicle, it is precluded from recovering a deficiency judgment (Leasco Data Processing Equip. Corp. v Atlas Shirt Co., 66 Misc 2d 1089). We note that the right of the debtor to receive notice of the intended disposition of the collateral after default may not be limited (Uniform Commercial Code, § 9-501, subd [1]; subd [3], par [b]). Accordingly, the plaintiff may only recover the sums owed to it prior to the repossession as well as the repossession charges.
The judgment is unanimously modified by reducing the plaintiff’s recovery to $727.04, plus appropriate interest and costs in the court below, and, as so modified, affirmed, without costs.
Concur: Groat, P. J., Schwartzwald and Pino, JJ.