■ CENTRAL BUDGET CORP., Appellant, v WALTER H. GARRETT et al., Respondents.—In an action to recover the balance due under an installment sale contract, plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated March 5, 1974, which reversed a judgment of the Civil Court of the City of New York, County of Queens, entered September 7, 1973, after a nonjury trial, in favor of plaintiff. Order affirmed, with costs. On February 1, 1968 defendants purchased a 1963 Buick automobile from plaintiff's assignor, Carol Motors Queens Inc., executing in connection therewith a retail installment contract, on a form provided by Carol Motors, setting forth a total time balance of $2,255.04 on a purchase price of $1,627.50. The contract was assigned to plaintiff within 24 hours after the sale, and a consideration of $1,300 was paid therefor. After the payment of a single monthly installment of $62.64 defendants defaulted, whereupon plaintiff repossessed the car. Defendants were then notified, by letter dated April 29, 1968, that the car "comes up for sale within 2 weeks" and that the highest preliminary offer had been $300. That offer had been made by Five Star Motors, Inc., the successor corporation to Carol Motors. The car was subsequently sold at public auction on May 7, 1968, bringing $300. The purchaser, plaintiff, then notified defendants of the auction price and offered them a second opportunity to redeem. Upon their failure to do so, plaintiff resold the Buick to Five Star Motors for $300 and sued defendants for the deficiency. The auction itself took place on Five Star's lot at 555 Atlantic Avenue, Brooklyn, New York, and was conducted by a licensed auctioneer. Advertisement of the sale appeared once in the Journal of Commerce on May 1, 1968. The sale was attended by "five or six" persons, and bids of $100 and $150 were received prior to the car's being "knocked * * * down" for $300. The actual bidding lasted no more than two minutes and upon its completion a second automobile was auctioned off. Of the persons in attendance, it was unknown how many may have been employees of Five Star Motors; nor was it ascertainable who had made the initial $100 and $150 bids. Subdivision (3) of section 9-504 of the Uniform Commercial Code provides, in pertinent part, that the disposition of collateral upon a lawful repossession "may be made by public or private proceedings and may be made by way of one or more contacts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms *but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable*" (emphasis supplied). We construe "commercially reasonable" in this context to mean that a qualifying disposition must be made in the good faith attempt to dispose of the collateral to the parties' mutual "best advantage" (see *Old Colony Trust Co. v Penrose Ind. Corp.,* 280 F Supp 698, 714, affd 398 F2d 310; see, also, *Matter of Zsa Zsa Ltd.,* 352 F Supp 665) and that, while the mere "fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not *of itself* sufficient to establish that the sale was *not* made in a commercially reasonable manner" (Uniform Commercial Code, § 9-507, subd [2]; emphasis supplied), marked

discrepancies between the disposal and sale prices signal a need for closer scrutiny, especially where, as here, the possibilities for self-dealing are substantial (see, e.g., *Jefferson Credit Corp. v Marcano,* 60 Misc 2d 138). Under these circumstances, we require some affirmative showing that the terms of the disposition were, in fact, commercially reasonable and hold that, in the absence of such a showing, we will be compelled to deny recovery in a suit for a deficiency judgment pursuant to subdivision (2) of section 9-504 of the code (see *Leasco Data Processing Equip. Co. v Atlas Shirt Co.,* 66 Misc 2d 1089; *Jefferson Credit Corp. v Marcano, supra; Associates Discount Corp. v Cary,* 47 Misc 2d 369; see, also, *Matter of Bishop,* 482 F2d 381; *Tauber v Johnson,* 8 Ill App 3d 789; cf. *Turk v St. Petersburg Bank & Trust Co.,* 281 So 2d 534 [Fla]; *Braswell v American Nat. Bank,* 117 Ga App 699; *Baber v Williams Ford Co.,* 239 Ark. 1054). Turning specifically to the case at bar, we hold that the instant creditor has failed to sustain its burden of proving that the disposition was in compliance with the statute, i.e., that "the method, manner, time, place and terms" of the disposition were "commercially reasonable" (Uniform Commercial Code, § 9-504, subd [3]) and that its failure in this regard was fatal to the maintenance of a cause of action for a deficiency. Gulotta, P. J., Rabin, Martuscello, Latham and Christ, JJ., concur. [78 Misc 2d 485.]