■ FERDINAND A. STANCHI, Respondent, v MASON K. KEMP, Appellant. —Appeal from so much of an order of the Supreme Court at Special Term, entered January 3, 1975 in Tompkins County, which granted plaintiff's motion for an injunction and denied defendant's cross motion to dismiss the complaint. The plaintiff brought an action to recover the balance alleged to be due on a contract for the sale by plaintiff to defendant of plaintiff's

trucking business. Among the assets of the trucking business sold was a 1973 Fruehauf semitrailer and a 1973 International Harvester Tractor. The contract of sale created a security interest in the semitrailer and the tractor in favor of the plaintiff to secure payment of the purchase price. The contract of sale also created a security interest in a 1973 GMC pick-up truck and a 1972 Roamer Trailer owned by the defendant. The contract of sale granted plaintiff the right upon default by the defendant to take possession of the chattels and to resell them "at public or private sale without demand or notice to buyer" (the defendant). The plaintiff repossessed the Fruehauf semitrailer and the 1973 International Harvester Tractor and sold them at a private sale and applied the proceeds of sale on defendant's obligations. Plaintiff brought a separate proceeding pursuant to a show cause order to obtain an order to authorize the Sheriff to seize the 1973 GMC pick-up truck and the 1972 Roamer Trailer and restraining defendant from disposing thereof. Defendant moved to dismiss plaintiff's complaint on the ground that plaintiff's failure to give him notice of the time and place of any public sale or reasonable notification of the time after which a private sale would be completed and plaintiff's failure operates to discharge defendant from all liability on the contract. Subdivision (3) of section 9-504 of the Uniform Commercial Code regulating sale of repossessed property does not require a public sale on notice. The sale must be "commercially reasonable". Whether or not the resale by plaintiff was commercially reasonable cannot be determined on these motion papers. In any event, the failure of plaintiff to comply with the provisions of subdivision (3) of section 9-504 of the code would not discharge the defendant from all liability under the contract. If the defendant is prejudiced by the manner of sale, defendant is entitled to all damages caused thereby (Uniform Commercial Code, § 9-507, subd [1]). Order affirmed, with costs. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.