Edward F. McLaughlin, J.
The above matter came on for *950 trial without a jury before this court on the 24th day of February, 1977.
The basic facts were stipulated on the record between the attorneys for the respective parties and testimony taken on the controverted issues.
On June 2, 1972, defendant purchased from Heritage Lincoln Mercury, Inc. a 1969 Lincoln automobile which is the subject of this action and entered into a retail installment contract agreeing to pay to Heritage and its assigns the total sum of $5,081.36 in monthly installments. Heritage transferred and assigned the contract to plaintiff. The contract also provided for immediate repossession of the vehicle and sale at public auction in the event of default, together with attorneys’ fees in the amount of 15% of the unpaid balance should said contract be referred to an attorney for collection. Defendant defaulted in his payments under the contract. The automobile was repossessed on October 25, 1972 and sold at public auction on December 1, 1972. Defendant was notified by mail of the date of the public auction but not of the place of the auction. The auction took place in Syracuse, New York. Plaintiff is a resident of Utica, New York. The cities are approximately 60 miles apart. At the time of repossession, there was an unpaid balance on the contract of $4,699.58. The sale proceeds obtained were $2,700. With credit for life insurance charges and a refund of service charges, the balance due after sale was $1,396.69. Attorneys’ fees of 15% amount to $209. There is no dispute as to the execution of the contract, its terms, or the amount of damages.
The sole dispute in this case is whether the plaintiff is entitled to a deficiency judgment against defendant. Defendant contends and the proof shows that although defendant received a notice of the sale, the notice was blank as to the place of the sale. Defendant made several telephone calls to plaintiff at its Utica and Syracuse offices to ascertain the place of sale but could obtain no information. Defendant contends that he was damaged by not being able to bid on the car. In addition, prior to the date of the repossession, the automobile was involved in an accident. Defendant’s insurance adjuster could not examine the automobile because it was repossessed. The repossession report reflects no body damage to the vehicle. Defendant contends that he was damaged by being unable to have the car appraised and collect insurance proceeds on the damage. Defendant, however, was unable to testify to the *951 amount of the damage. Defendant seeks dismissal of plaintiff’s complaint for a deficiency judgment.
Plaintiff contends that it proceeded in good faith and obtained a fair market price on the sale of the automobile and that the defendant has proved no damages by not being notified of the place of sale. Plaintiff further contends that any offset due defendant, even if proved by competent evidence, would be minimal.
The right to relief in this action is controlled by the provisions of Article 9 of the Uniform Commercial Code.
Subdivision (3) of section 9-501 provides: "To the extent that they give rights to the debtor and impose duties on the secured party, the rules stated in the subsections referred to below may not be waived or varied except as provided * * * (b) subsection (3) of Section 9-504 and subsection (1) of Section 9-505 which deal with disposition of collateral;”.
Section 9-501 must be read in conjunction with section 9-207 since a secured party who retakes possession of the security becomes a secured party in possession. However, nothing contained in section 9-207 may be read to modify or waive a debtor’s rights as contained in subdivision (3) of section 9-501. (Uniform Comments § 9-501).
Subdivision (3) of section 9-504 provides in part as follows: "reasonable notification of the time and place of any public sale * * * shall be sent by the secured party to the debtor”.
Subdivision (1) of section 9-507 provides as follows: "If it is established that the secured party is not proceeding in accordance with the provisions of this Part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification * * * has a right to recover from the secured party any loss caused by a failure to comply”.
The Personal Property Law of New York dictated very strict adherence to notice requirements regarding auction sales of chatteled goods (Personal Property Law, former § 80); however, since the passage of the Uniform Commercial Code in New York State, many of the former requirements are now changed. One aspect not changed is the requirement that a debtor be notified "of the time and place of any public sale”. (Uniform Commercial Code, § 9-504, subd [3].) By statute this provision may not be "waived or varied”. (Uniform Commercial Code, § 9-501, subd [3], par [b].) In the present case, it is *952 clear from the evidence that the defendant did not receive notice of the place of sale and was unable to determine the place of sale through his own investigation and efforts. No publication of sale was exhibited to the court and the sale took place in a city some 60 miles from defendant’s residence. In addition there was but one record of mailing of notice of sale (Exhibit 2) dated November 22, 1972, which the court finds covered the mailing of Exhibit 3 to defendant which did not contain the place of the sale.
When the sale in this case is subjected to close scrutiny, it appears that the sale report indicates the automobile was in good condition, yet the proceeds obtained less than six months after initial purchase were only about 55% of the amount originally financed. Under these circumstances, the court requires some affirmative showing that the method, manner, time, place and terms of the sale were in fact commercially reasonable. (Uniform Commercial Code, § 9-504, subd [3].) In the absence of such affirmative showing, as here, the court is compelled to deny recovery in a suit for a deficiency judgment. (Central Budget Corp. v Garrett, 48 AD2d 825, citing Leasco Data Processing Equip. Co. v Atlas Shirt Co., 66 Misc 2d 1089; Jefferson Credit Corp. v Marcano, 60 Misc 2d 138; Associates Discount Corp. v Cary, 47 Misc 2d 369; see, also, 30 ALR3d 9, § 26 et seq.).
Judgment in favor of the defendant is granted.