SECURITY TRUST COMPANY OF ROCHESTER, Respondent, v EARL E. THOMAS et al., Appellants.

Fourth Department, November 4, 1977

*Martin S. Handelman* for appellants.

*Harris, Beach, Wilcox, Rubin & Levey (Paul J. Yesawich, III,* of counsel), for respondent.

WITMER, J. This appeal requires us to determine whether a secured lender who repossesses the security from the defaulting debtor and sells it at public or private sale may recover a deficiency judgment against the debtor without proving that its notice to the debtor of the sale was reasonable and that the sale was conducted in a commercially reasonable manner. We hold that it cannot; that questions of fact were presented on the pleadings herein at Special Term; and that Special Term erred in granting the plaintiff lender's motion for summary judgment for the amount of the alleged deficiency on its loan to defendants.

In 1971 defendant Earl E. Thomas of Rochester, New York, bought a tractor for hauling shippers' trailers, and borrowed $25,000 from plaintiff, the Security Trust Company of Rochester (the bank), to finance it. He signed an installment payment

note therefor and his wife, defendant Rosemary Thomas, signed an instrument guaranteeing payment of the principal and interest thereof. In addition, the bank received a security interest in defendant's new tractor. Defendant defaulted in his payments on the tractor, and plaintiff contacted him about repossessing it. Defendant advised plaintiff that the tractor was at his employer's yard in Rochester, New York, giving the address, and plaintiff repossessed it. It is disputed as to whether defendant advised plaintiff that in the late summer of 1975 he had changed his residence address to 22 Malvern Street, Rochester.

Plaintiff delivered the repossessed tractor to a motor vehicle dealer in the Village of Honeoye Falls, New York, about 25 miles south of the City of Rochester, and offered it for public sale on April 21, 1976. It mailed a notice of the sale to defendant at 22 Melville Street, Rochester, New York, but the notice was returned to the plaintiff because of incorrect address. Plaintiff also posted notices of the proposed sale on "three public buildings", presumably in the Village of Honeoye Falls. At the sale it rejected the only bid of $2,000; and two or three weeks later, without notice to defendant, it sold the tractor at private sale for $4,000.

In July, 1976 plaintiff instituted this action against defendants to recover the deficiency alleged to be due on the note, and under CPLR 3213 it moved for summary judgment. Defendants interposed objections, contending that the tractor was worth substantially more than the amount received and that the plaintiff failed to give them proper notice of the sale and failed to conduct the sale in a commercially reasonable manner. Despite such objections, Special Term found that there was no question of fact for trial and granted the motion. Without determining the question, Special Term assumed that plaintiff's notice to the defendants of the sale was defective.

In the event of default by a buyer, subdivision (1) of section 9-504 of the Uniform Commercial Code authorizes a secured creditor to liquidate the security and apply the proceeds to the unpaid balance of the debt. Subdivision (2) thereof provides that the debtor shall be liable for any remaining deficiency. Subdivision (3) imposes upon the creditor the obligation to conduct a "commercially reasonable" sale of the collateral and, in a case such as this, to send reasonable notice of the sale to the debtor. In the event of compliance by the creditor with the foregoing, the creditor is protected against claims by

the debtor concerning the manner of the sale and the price obtained (Uniform Commercial Code, § 9-507, subd [2]). If the secured party has failed to give reasonable notice or to sell in a commercially reasonable manner, the debtor may recover from the creditor any loss caused by the creditor's failure to comply with these provisions (Uniform Commercial Code, § 9-507, subd [1]; *Stanchi v Kemp,* 48 AD2d 973, 974).

The Uniform Commercial Code is silent as to the rights of the creditor to recover the deficiency when it has not given reasonable notice of the sale to the debtor or has not sold the collateral in a commercially reasonable manner, and this question remains unsettled in this State as well as in many other States (see A Creditor's Rights to a Deficiency Judgment Under Article 9 of the Uniform Commercial Code: Effect of Lack of Notice, 42 Brooklyn L Rev 56, 61 *et seq.;* A Secured Creditor's Right to Collect a Deficiency Judgment Under UCC Section 9-504: A Need to Remedy the Impasse, 31 Business Lawyer 2025; Secured Transactions—New Jersey Upholds the Right of a Secured Party to Collect a Deficiency Judgment Under UCC 9-504(2) Although Notice Provisions of 9-504(3) Were Not Observed, 76 Dickinson L Rev 394). It would seem that this defect in the statute should be corrected by the Legislature; but in the absence of appropriate legislative provision, the courts must establish the rule by decision.

Since adopting the Uniform Commercial Code the courts of several States have ruled that failure of the secured creditor to give reasonable notice to the debtor of the sale of the security on the latter's default, bars the creditor from obtaining a deficiency judgment against the debtor (see *Bank of Gering v Glover,* 192 Neb 575, 579; *Turk v St. Petersburg Bank & Trust Co.,* 281 So 2d 534 [Fla]; *Atlas Thrift Co. v Horan,* 27 Cal App 3d 999). Several New York cases have held in accordance with this view *(Avis-Rent-A-Car System v Franklin,* 82 Misc 2d 66; *Leasco Data Processing Equip. Corp. v Atlas Shirt Co.,* 66 Misc 2d 1089, citing prior New York nisi prius cases with like holding). Some States have gone to the opposite extreme, interpreting literally subdivision (1) of section 9-507 of the Uniform Commercial Code to mean that if the secured creditor fails to sell in accordance with the provisions of the statute, the debtor may recover from the secured party any loss caused by the latter's failure, but cannot bar the creditor's action for deficiency judgment (see *Commercial Credit Corp. v Wollgast,* 11 Wash App 117).

A great number of States have found that a middle ground is more equitable for the parties and a fairer interpretation of the statute, and have held that despite failure of the secured party to give notice of sale of the security to the debtor as provided by the statute, and even despite the creditor's failure to conduct the sale in a commercially reasonable manner, the creditor may still recover a deficiency judgment against the debtor, except that in such cases the secured creditor must prove the amount of his deficiency and that the fair value of the security was less than the amount of the debt. This is sometimes expressed by stating that in such cases there is a presumption that the security was equal to the debt and that the secured party has the burden of proof to overcome such presumption (see *United States v Whitehouse Plastics,* 501 F2d 692; *Community Mgt. Assn. of Colorado Springs v Tousley,* 32 Col App 33, 38-39; *Tauber v Johnson,* 8 Ill App 3d 789; *Conti Causeway Ford v Jarossy,* 114 NJ Super 382; *Universal C.I.T. Credit Co. v Rone,* 248 Ark 665; *Investors Acceptance Co. of Livingston v James Talcott, Inc.,* 61 Tenn App 307, 329; *Weaver v O'Meara Motor Co.,* 452 P2d 87, 91-92 [Alaska]; Uniform Commercial Code: Burden of Proof as to Commercially Reasonable Disposition of Collateral, Ann. 59 ALR3d 369, 377-388). In *Universal C.I.T. Credit Co. v Rone (supra,* p 669) the Supreme Court of Arkansas said: "In an action to recover a deficiency judgment in which the sale of collateral is attacked for want of notice, the burden of showing the giving of any notice required should properly devolve upon the secured party, not solely because it is the plaintiff in the action, but because the proof with respect thereto is peculiarly within its knowledge. *Mallicoat v. Volunteer Finance and Loan Corp.,* 57 Tenn. App. 106, 415 S.W.2d 347 (1966). Appellant also had the burden of showing the amount of the deficiency it was entitled to recover. *Carter v. Ryburn Ford Sales, supra.* Whenever the value of the collateral is an issue in an action to recover a deficiency, there is a presumption that it was worth at least the amount of the debt, and the secured party has the burden of proving the amount that should have been obtained through a sale conducted according to law. *Barker v. Horn* [245 Ark. 315]. It is only where the sale is conducted according to the requirements of the code that the amount received or bid at a sale of collateral is evidence of its true value in an action to recover a deficiency. *Schabler v. Indianapolis Morris Plan Corporation, Ind.,* 234 N.E.2d 655 (Ct. App. 1968)."

In *Conti Causeway Ford v Jarossy (supra,* p 386) the court said: "In the situation where reasonable notice of sale has not been given, the spirit of commercial reasonableness requires that the secured party not be arbitrarily deprived of his deficiency but that the burden of proof be shifted to him to prove that the sale resulted in the fair and reasonable value of the security being credited to the debtor's account. When that burden has been borne, the resultant deficiency ought to be collectable by the secured party, especially in view of the rights to damages afforded the debtor by N.J.S.A. 12A:9-507."

It appears that some New York courts are in accord with this view (see *Stanchi v Kemp,* 48 AD2d 973, *supra; Central Budget Corp. v Garrett,* 48 AD2d 825; *Marine Midland Bank-Central v Watkins,* 89 Misc 2d 949, 952).

We conclude that the proper and equitable construction of the Uniform Commercial Code with respect to sales of collateral upon the debtor's default, made without statutory notice or not in a commercially reasonable manner, is in accordance with this middle ground position. A secured creditor who has liquidated his security may, therefore, maintain an action for a deficiency judgment. He has the burden to prove, however, that due notice of sale as provided by law was given to the debtor and that the sale was commercially reasonable.[1] Failing in such proof, he may still recover a deficiency judgment by proving the amount of the debt, the fair value of the security and the resulting deficiency. Accordingly, in the case at bar we hold that questions of fact were presented at Special Term as to the propriety of the notice of sale and as to whether the sale was conducted in a commercially reasonable manner.

The judgment should, therefore, be reversed and the motion for summary judgment denied.

MARSH, P. J., MOULE, DENMAN and GOLDMAN, JJ., concur.

Judgment unanimously reversed, with costs, and motion denied.

---

[1] For guidance as to what constitutes a commercially reasonable sale, see *Central Budget Corp. v Garrett,* 48 AD2d 825, *supra; Commercial Credit Corp. v Wollgast,* 11 Wash App 117, 122-123; *Farmers Equipment Co. v Miller,* 252 Ark 1092, 1097-1098; *Matter of Zsa Zsa Ltd.,* 352 F Supp 665.