OPINION OF THE COURT
Joseph F. Falco, J.
On December 29, 1978, Eugene Salvaterra purchased a used vehicle from Koerner Ford for the price of $3,986.82. Mr. Salvaterra financed this purchase by entering into a retail installment contract with Koerner Ford, who subsequently assigned the contract to Lincoln First Bank. This obligation, in the amount of $5,357.49 (including insurance and other charges), was “cosigned” by Diane M. Carney. On July 2, 1979, the vehicle was repossessed and offered for sale at a public auction. At the auction, Lincoln First Bank “bid the vehicle in”, later resold it for $2,150 and commenced this action against both Mr.. Salvaterra and Ms. Carney for a deficiency judgment.
The plaintiff here moves for summary judgment in the amount of $2,005.21 or, in the alternative, for partial summary judgment for $1,001.39. Both defendants oppose the granting of summary judgment on the grounds that (1) Federal Truth in Lending Act provisions have not been complied with and (2) plaintiff’s actions as to the sale of the vehicle were not commercially reasonable. Ms. Carney additionally contends that she was induced to sign the loan agreement due to the fraudulent misrepresentations of Koerner Ford that she would not be liable therein. Defendant Carney also cross-moves for summary judgment *53 on the ground that she received insufficient notice of the repossession and resale of the vehicle.
Subdivision (3) of section 9-504 of the Uniform Commercial Code gives a seller great discretion in disposing of collateral. This discretion is limited only by the requirement that every aspect of the disposition must be “commercially reasonable.” Subdivision (3) of section 9-504, designed to protect the consumer, alerts the court to strictly scrutinize the facts if there is a large discrepancy between resale price and the original purchase price. (Central Budget Corp. v Garrett, 78 Misc 2d 485; Marine Midland Bank-Cent. v Watkins, 89 Misc 2d 949.) In the instant case, the vehicle was sold for 57 % of the original purchase price only seven months after the defendant’s purchase. The fact that the resale price was only $375 under the National Auto Dealers Association (NADA) Handbook wholesale price and $125 below the NADA loan price cannot create a presumption of commercial reasonableness.
There are sufficient factual issues raised regarding the commercial reasonableness of plaintiff’s actions to preclude the entering of summary judgment.
Lincoln First Bank’s motion for partial summary judgment must also be denied. At the trial, plaintiff will have the burden of proof of compliance with the Uniform Commercial Code and will also have the burden of proof of the damages caused, should noncompliance be shown. In the absence of an affirmative showing that the security was worth less than the outstanding debt, there is a presumption that the security was equal to the debt. (Security Trust Co. of Rochester v Thomas, 59 AD2d 242.) Therefore, the fact that defendants might be determined to owe no deficiency whatsoever precludes a grant of partial summary judgment.
Defendants have also raised the question of whether Lincoln First Bank complied with the Truth in Lending Act and the New York Motor Vehicle Retail Instalment Sales Act. More particularly, defendants’ assertions go to disclosures regarding the purchase of insurance in conjunction with receiving a loan. Section 302 of the New York Personal Property Law requires certain disclosures be made *54 to the consumer, including the option of the right to purchase insurance from sources other than the seller.
At the bottom of this contract in bold type is the phrase: “According to law, you have the privilege of purchasing the insurance on the motor vehicle provided for in this Contract from an agent or broker of your own selection.” A careful examination of the contract shows that all other disclosures required by section 302 of the Personal Property Law appear on the contract. Therefore, the question before us is whether the contract complied with the Federal Truth in Lending Act (US Code, tit 15, § 1601 et seq.) and Regulation Z (12 CFR 226 et seq.)
The Truth in Lending Act was enacted to “assure a meaningful disclosure of credit terms so that the consumer [can] compare * * * credit terms * * * and avoid the uninformed use of credit.” (US Code, tit 15, § 1601.) Regulation Z (12 CFR 226.6 [a]) requires that disclosures required by Federal law be clear, conspicuous, and “in meaningful sequence.” It is obvious to the court that the information regarding insurance is clear and conspicuous.
In this contract, the only other information regarding the optional purchasing of insurance as mentioned above appears on the upper portion of the document with the heading “insurance group credit.” We must determine whether these two separate insurance coverage clauses appear in meaningful sequence.
“[I]f understandable credit disclosure is to be achieved, disclosure statements must use clear language arranged in an order which provides ease of comprehension. This is meaningful sequence.” (Allen v Beneficial Fin. Co. of Gary, 531 F2d 797, 801.) The Board of Governors of the Federal Reserve Board in their Public Position Letter No. 780 (4 CCH Consumer Credit Guide, par 31,102) have stated that “The words ‘in meaningful sequence’ * * * relate to a presentation of required disclosures with respect to those items which have an arithmetical relationship to each other.” We construe this language to mean that “in meaningful sequence” applies only to items that have an arithmetical relationship, rather than just an informational relationship. (Conrad v Beneficial Fin. Co. of N. Y., 57 AD2d 91, 95; *55 Barksdale v Peoples Fin. Corp. of Alpharetta, 393 F Supp 112, revd on other grounds 543 F2d 568; Gennuso v Commercial Bank & Trust Co., 425 F Supp 461, revd on other grounds 566 F2d 437.) Therefore, as we find the clauses in question to not be of an arithmetical nature, defendant’s arguments may not stand.
Even were we to define “meaningful sequence” so as to include informative items, the fact that the clauses in question are set out in italics and bold type, despite their separated placement, defeats any claim that the Truth in Lending Act was not complied with. (Public Position Letter No. 545, 4 CCH Consumer Credit Guide, par 30,759.)
Additionally, the disclosures required by State law comply with Regulation Z (12 CFR 226.6). Section 226.6 (b) of title 12 of the Code of Federal Regulations makes clear that the Federal law pre-empts inconsistent State law. If one can comply with the State law without violating Federal law, the State law is not considered inconsistent. Section 226.6 (c) of title 12 of the Code of Federal Regulations allows “additional information” to be disclosed as long as it is not placed to mislead or confuse the customer or to contradict, obscure, or detract attention from the information required by Federal law to be disclosed. The question of whether information is misleading or confusing is a question of law for the court to determine. (Gennuso v Commercial Bank & Trust Co., supra.) We do not here find that the manner in which this information was placed in the contract is either misleading or confusing.
Section 226.6 (c) (2) of title 12 of the Code of Federal Regulations allows inconsistent disclosures provided (1) all required disclosures appear separately and above any other disclosures, (2) the disclosures are identified by a “clear and conspicuous” heading indicating they are made in compliance with Federal law, and (3) the inconsistent disclosures appear below a conspicuous demarcation line and are identified by a clear and conspicuous heading that shows that they are inconsistent with the Truth in Lending Act. Lincoln’s retail installment contract complied with 12 CFR 226.6 (c) (2).
We now turn to the allegations of fraudulent mis *56 representation interposed by defendant Carney in opposition to plaintiff’s motion for summary judgment. This proposed defense, absent the questions of commercial reasonableness, would have been insufficient to defeat the grant of summary judgment. The alleged statement by an employee of Koerner Ford that Ms. Carney would not be liable despite her signing the loan agreement is precluded from our consideration pursuant to the paroi evidence rule. (Bank of Suffolk County v Kite, 49 NY2d 827.)
The summary judgment motion by the defendant, Ms. Carney, must similarly be denied. Her claims that the notice she received as to the repossession of the vehicle and its subsequent sale are questions of fact which must be determined by a trier of fact. (Security Trust Co. of Rochester v Thomas, 59 AD2d 242, 247, supra.) There remain issues in this area of notice that must be resolved (i.e., whether the defendant left a proper forwarding address, whether the letters advising the defendants of their right to redeem were sufficient in regard to how long the defendants had to exercise that right).
The court finds that the issues of commercial reasonableness and adequacy of notice are crucial to a determination of the parties’ rights and liabilities, and serve to defeat both motions for summary judgment. The issues of Truth in Lending Act noncompliance and potential fraudulent misrepresentations to Ms. Carney have been determined, as matters of law, favorably to the plaintiff.