OPINION OF THE COURT
Ormand N. Gale, J.
This is an appeal from a decision of the City Court, City of Syracuse, denying the plaintiff’s motion for summary judgment against the defendants herein. The court below held that there were questions of fact regarding the sufficiency of the notice of sale and also the commercial reasonableness of the sale itself (106 Misc 2d 51). This court agrees, and affirms the decision of the City Court.
Defendant Salvaterra purchased a used automobile from Koerner Ford on December 29, 1978 for the cash price of $3,986.82 and the deferred payment price of $5,357.49. Defendant Carney cosigned on the obligation. Koerner assigned the contract to Lincoln First Bank, the plaintiff. Salvaterra defaulted, and Lincoln repossessed the car on July 2, 1979.
By contract, Lincoln could sell the collateral upon 10 days’ written notice to the debtor. Lincoln mailed a 10-day notice of redemption to Salvaterra on July 3. Salvaterra *454 did not sign for this letter until July 10, only nine days before the July 19 public sale date. Lincoln did not mail Carney’s notice until July 9, meaning that the earliest she could have received it was July 10, nine days before the sale date. However, Carney did not receive the notice until July 27. Carney’s address had changed since the time she had cosigned. She had not notified the bank of this change, but had-notified the post office.
Lincoln advertised the sale in the newspaper on July 13, and conducted the public sale on July 19. On that date, the highest bid made was $1,650. Lincoln “bid the vehicle in,” and without notice to Salvaterra and Carney sold the vehicle to a private individual four days later for $2,150.
This scenario of events as alleged by the parties without doubt presents triable issues of fact on the adequacy of notice and the commercial reasonableness of the sale. In support of its summary judgment motion, Lincoln contends that the sale price is nearly equal to established book values as well as the fair market value as determined by their appraiser. However, these values are clearly not the proper measure of commercial reasonableness. Rather, the courts look to the discrepancy between the debtor’s original purchase price and the sale price. (Marine Midland Bank-Cent. v Watkins, 89 Misc 2d 949; Central Budget Corp. v Garrett, 48 AD2d 825.)
This court recognizes that the resale of this automobile for only 57% of the original purchase price only seven months after the original purchase does not by itself create triable issues of fact. (Bankers Trust Co. v Dowler & Co., 47 NY2d 128; Marine Midland Bank v St. Louis, 75 AD2d 972.) The court also recognizes that naked assertions of impropriety in the sale cannot overcome the presumption of commercial reasonableness. (First Nat. City Bank v Cooper, 50 AD2d 518.) But where, as here, the defendants show that a great discrepancy between the purchase price and the resale price exists, that they did not receive notice of the public sale within the requisite time period, and that a private sale was later conducted without notice to them, the burden then falls- upon the plaintiff to show at trial that notice was adequate and that the sale was commer *455 cially reasonable, without any self-dealing. (Security Trust Co. of Rochester v Thomas, 59 AD2d 242.)
For these reasons, the City Court’s denial of Lincoln’s motion for summary judgment is affirmed.