OPINION OF THE COURT
Memorandum.
Order unanimously modified by awarding summary judgment in favor of defendant Jamaica Nucars, Inc. and dismissing the complaint as against it; as so modified, affirmed without costs.
Plaintiff is the assignee of a retail installment contract, under which defendant Jamaica Nucars, Inc., the assignor, sold a vehicle to codefendant Knight. Pursuant to the written assignment of the retail installment contract, defendant Jamaica agreed to repurchase the installment contract in the event the purchaser, defendant Knight, asserted any claims or defense against plaintiff. The assignment further provided that “repossession of the property from the buyer * * * shall not release [Jamaica] from the obligations of” the assignment. After repossessing the collateral and selling same, plaintiff instituted suit against *879 defendant Knight to recover a deficiency judgment. When defendant Knight asserted defenses against plaintiff, the latter demanded that defendant Jamaica repurchase the retail installment contract as provided for in the assignment agreement. When defendant Jamaica refused, plaintiff instituted suit against the corporate defendant and subsequently moved for summary judgment against it.
In selling the vehicle, plaintiff was required to follow the procedures set forth in subdivision (3) of section 9-504 of the Uniform Commercial Code (see Personal Property Law, § 422). Subdivision (3) of section 9-504 requires notification of the sale “by the secured party to the debtor” (emphasis added), and further requires that the sale be conducted in a “commercially reasonable” manner. It is uncontroverted that plaintiff failed to notify defendant Jamaica of the sale. We are of the opinion that defendant Jamaica was a “debtor” under the statute (see Uniform Commercial Code, § 9-105, subd [1], par [d]) and thus was entitled to notice (see 4 Anderson, Uniform Commercial Code [2d ed], §§ 9-105:3, 9-504:19; Construction of term “debtor” as used in UCC § 9-504[3] requiring secured party to give notice to debtor of sale of collateral securing obligation, Ann., 5 ALR4th 1291; Norton v National Bank of Commerce, 240 Ark 143; State Nat. Bank v Northwest Dodge, 86 Ill App 3d 90, 108 Ill App 3d 376; Commercial Credit Corp. v Lane, 466 F Supp 1326; see, also, Chase Manhattan Bank v Natarelli, 93 Misc 2d 78). The plaintiff’s failure to give defendant Jamaica the notice required by subdivision (3) of section 9-504 acts as an absolute bar to plaintiff recovering a deficiency judgment against said corporate defendant (see Central Budget Corp. v Garrett, 48 AD2d 825; Avis-Rent-A-Car System v Franklin, 82 Misc 2d 66; Failure of secured party to make “commercially reasonable” disposition of collateral under UCC § 9-504[3] as bar to deficiency judgment, Ann., 10 ALR4th 413, 434).
Buschmann, J. P., Jones and Kunzeman, JJ., concur.