*588 OPINION OF THE COURT
Jerome S. Medowar, J.
Here the secured party repossesses the property in question, does not dispose of the property by public sale but rather retains possession of same, and now seeks the full balance due under the lease agreement from lessee.
The facts are these: Nationwide Coin Phones, Inc. (Nationwide), not a party to this action, entered into a sales contract/ leasing agreement with defendants in September of 1985. A credit questionnaire was prepared and credit was approved October 10, 1985. On November 1, 1985, defendant, James Vakkas, as an officer of defendant, Ernest Vakkas & Sons, Inc. (the defendant corporation), executed a six-page lease document, which sets forth that Nationwide is the supplier of telephone equipment, defendant corporation is lessee and plaintiff is lessor. Page 6 was an unconditional continuing guarantee executed by Vakkas individually.
Paragraph 15 (a) on the reverse side of page 2 of the aforesaid exhibit contains the following language with respect to lessor’s remedies upon default: "(a) Retake immediate possession of its equipment without any court order, demand or other process of law and for such purpose lessor may enter upon any premises where said equipment may be located and may remove the same therefrom with or without notice of its intention to do same without being liable in any suit, action or other proceeding by the lessee (damages occasioned by such taking of possession are hereby expressly waived by lessee), whereupon all rights of the lessee in the equipment shall terminate absolutely, and retain the equipment and all prior payments of rent made hereunder, with the lessee still remaining liable for the balance of rent due pursuant to this lease; it being agreed that the amounts to be retained by lessor and the balance to be paid by lessee pursuant to this subsection shall not be as a penalty but as liquidated damages for the breach hereof and as a reasonable return for the use of equipment and depreciation thereof’.
On August 4, 1986, plaintiff notifies defendants of their default and on August 20, 1986, plaintiff acknowledges receipt of the phone equipment and demands the balance due under the lease.
On November 3, 1986, plaintiff institutes the present suit to recover the sum of $8,900, the balance that it claims is due under the lease.
*589 Defendants interpose a general denial and counterclaims for $25,000. The counterclaims have no merit and are hereby dismissed.
First of all, plaintiffs’ claim is inaccurate. The total contract is for 36 months at $248.93 per month rent which would total a maximum of $8,961.48, and there has been an acknowledgment that at least five payments at $248.93 have been paid, totaling $1,244.65. Therefore, the most plaintiff could recover is $7,716.83. According to page 1 of plaintiffs’ exhibit 1, the equipment was valued at $6,200. No credit at all has been given for this repossessed property.
It is this court’s view that the default provision set forth above is contrary to UCC 9-505, which is specifically concerned about the debtor’s interest in the repossessed property. The secured party cannot just retain valuable property and ignore its value when making claim against a debtor.
UCC 9-505 is clear. If the secured party wishes to retain the collateral in satisfaction of the obligation, it should send out a written notice to debtor who could demand a sale under UCC 9-504. And further, this court holds that if the secured party fails to send such written notice and holds the property an unreasonable amount of time, it has waived its rights to sue for the balance. In this case, the secured party has held the equipment since August 1986, up to and including the trial of April 1988, all to the prejudice of the defendants.
Plaintiff cites Flickinger Co. v 18 Genesee Corp. (71 AD2d 382 [4th Dept 1979]) to support the proposition that the repossession does not deprive plaintiff of a deficiency judgment. The difference between this case and the Flickinger case is that in the latter case plaintiff sought to make a recovery of a deficiency through summary judgment, and the court held on page 385: "Plaintiff has failed to comply with the provisions of section 9-504, which require that after taking, the collateral shall be disposed of in a commercially reasonable manner after notice to debtor. This failure to comply does not deprive plaintiff of its deficiency judgment, but it must prove, at trial, the amount of the debt, the fair market value of the security and the resulting deficiency (Security Trust Co. of Rochester v Thomas, 59 AD2d 242, supra). ”
In the present case, we held a trial and plaintiff did establish the debt as $7,716.83, however, it failed to establish fair market value or resulting deficiency.
In any event, this court believes that the Second Depart- *590 merit would be more inclined to follow Justice Moule’s dissent in Flickinger (supra), which holds the secured party strictly to UCC 9-505, and that since plaintiff failed to proceed in accordance with section 9-504, requiring notice to debtor and sale after it took possession of the collateral, the plaintiff must be deemed to have elected to take the collateral in full satisfaction of the debt, thereby forfeiting its claim against the debtor unless the finder of fact finds that it has waived the provisions of section 9-505. If that be the state of the law, this court finds that plaintiff waived the provisions of section 9-505.
The Second Department had previously held in Carousel, Inc. v Ingegno (22 AD2d 761 [1964], affg 42 Misc 2d 161), "The plaintiff, upon repossession thereof retained the truck as its own property. It did not exercise the option to resell the truck that it had under section 80-c of the Personal Property Law. As a result the defendant was discharged of any obligation to the plaintiff.” (42 Misc 2d, at 163.)
For the reasons stated above, the complaint must be dismissed. Judgment is directed to be entered in favor of defendants dismissing the complaint, with costs.