CENTRAL NATIONAL BANK, CANAJOHARIE, Respondent, v TOM J. BUTLER, Appellant. (Appeal No. 1.) [740 NYS2d 922] —Appeal from an order of Supreme Court, Oneida County (Siegel, J.), entered September 25, 2001, which, inter alia, granted plaintiff's motion for summary judgment.

CENTRAL NATIONAL BANK, CANAJOHARIE, Respondent, v TOM J. BUTLER, Appellant. (Appeal No. 2.) [741 NYS2d 643] —Appeal from a judgment of Supreme Court, Oneida County (Siegel, J.), entered September 25, 2001, awarding plaintiff judgment in the amount of $22,552.92.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the award of interest and the total amount of the judgment and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff loaned defendant money to finance the purchase of a mobile home for $37,000 and took a security interest in the home. When defendant defaulted on the payments and plaintiff received only $17,000 from a private sale of the home, plaintiff commenced this action seeking a deficiency judgment (see UCC former 9-504 [2]). Supreme Court properly granted plaintiff's motion for summary judgment in part and directed entry of a deficiency judgment based on the $21,000 certified appraised value of the home rather than its sale price. Contrary to defendant's contention, plaintiff's failure to comply with UCC former 9-504 (3) in connection with the sale of the home does not preclude recovery of a deficiency judgment based on the fair market value of the home (see Security Trust Co. of Rochester v Thomas, 59 AD2d 242, 245-247; see also Telmark, Inc. v Lavigne, 124 AD2d 1055; Matter of Stedman v Webb, 264 BR 298, 302-303). Plaintiff met its initial burden of establishing its entitlement to judgment as a matter of law "by proving the amount of the debt, the fair market value of the security and the resulting deficiency" (Security Trust Co. of Rochester, 59 AD2d at 247). Defendant in response failed to raise a triable issue of fact, and thus the court did not err in failing to conduct a hearing (see Champlain Natl. Bank v Brignola, 249 AD2d 656, 657).

The court erred, however, in awarding contractual interest on the balance due as of May 19, 2000, through August 29, 2001. The court failed to take into account the fact that plaintiff realized $17,000 from the sale of the home on February 7, 2001, thus reducing the balance due after that date. We therefore modify the judgment by vacating the award of interest and the total amount of the judgment, and we remit the matter to Supreme Court, Oneida County, to recalculate interest and the total amount of the judgment. We have considered defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.